FILED
2014 Aug-11  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| RICKY WAYNE BRUNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 6:14-CV-0618-SLB |
| | ) | |
| ARP PRODUCTION COMPANY, L.L.C.; EP ENERGY MANAGEMENT, L.L.C., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This case is currently before the court on defendant ARP Production Company's Motion to Dismiss Plaintiff's Complaint. (Doc. 19.)[1] Plaintiff Ricky Wayne Bruner has sued defendants – ARP and EP Energy Management – alleging trespass, nuisance, and negligence claims arising out of defendants' drilling operations on certain real properties.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the ARP's Motion to Dismiss Plaintiff's Complaint, (doc. 19), is due to be denied in part and granted in part.

### I.  STANDARD OF REVIEW

The purpose of a motion authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure is to evaluate the facial sufficiency of a pleading.  Rule 12(b)(6) must be read

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

together with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotation marks omitted).  In deciding a 12(b)(6) motion to dismiss, the court accepts the allegations in the pleading as true and construes such allegations in the light most favorable to the pleader. *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1288).  The pleading "does not need detailed factual allegations" to withstand a 12(b)(6) motion; however, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim for relief has "facial plausibility" if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Res judicata, a doctrine under which ARP seeks dismissal, "is not a defense under 12(b); it is an affirmative defense that should be raised under Rule 8(c)." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982)(citations omitted).  "Generally, the existence of an affirmative defense will not support a motion to dismiss.  Nevertheless, a

[pleading] may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the [pleading]." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) (citations omitted), *vacated on petition for reh'g, reinstated by* 764 F.2d 1400 (11th Cir. 1985). If a district court considers matters outside the pleadings, the court must convert the 12(b)(6) motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). However, a district court may take judicial notice of public records, such as filings in other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary judgment. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)("Although this [res judicata defense] is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action."); *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010)(per curiam) (finding that the district court properly took judicial notice of documents from a prior lawsuit "which were public records that were 'not subject to reasonable dispute'" (quoting Fed. R. Evid. 201(b)));[2] *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 54 (11th Cir. 2006)(per curiam)(finding that the district court's consideration of a complaint filed in a

---

[2]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

3

separate case did not require converting the motion to dismiss into a motion for summary judgment).

## II.  STATEMENT OF FACTS

On or about December 30, 2011, plaintiff Ricky Wayne Bruner filed a quiet-title action against, *inter alia*, El Paso E&P Company seeking a determination of the ownership of the mineral rights as to certain real properties in Walker County, Alabama.  The Complaint and Amended Complaint in that action sought only a determination of the ownership of mineral rights and interests in the real property.  Bruner and "EP Energy E&P Company (formerly El Paso E&P Company)" filed a Joint Stipulation of Dismissal on August 29, 2013; the Joint Stipulation stated, "Plaintiff dismisses his claims against EP Energy, with prejudice."  (Doc. 20 at 49.)

Bruner filed the instant action on April 3, 2014, in which he alleges that he is the owner of surface rights in certain real property in Walker County.   (Doc. 1 ¶¶ 7-20.)  He alleges that defendants, ARP and EP Energy,  "conduct drilling operations on and around [his properties] . . . for the purpose of extracting natural gas."  (*Id*. ¶ 22.)  He does not allege that he is the owner of the mineral rights on these properties.

The Complaint contains four Causes of Action:  (1) Trespass to Lands, (*id*. ¶¶ 25-44); (2) Private Nuisance, (*id*. ¶¶ 45-51); (3) Negligence Per Se, (*id*. ¶¶ 52-59);[3] and (4)

---

[3]"Cause of Action III" of plaintiff's Complaint is entitled, "Negligence Per Se," but seeks statutory relief under the Clean Water Act. (*See* doc. 1 at 13-14.)

Negligence, (*id.* ¶¶ 60-66).   These claims are based on allegations that defendants "unlawfully enter[er], allow[ed], or caus[ed] hazardous foreign substances to enter [Bruner's properties]," including "hydrocarbons, methane, volatile organic compounds . . ., benzene, xylene, 1,3-butadiene," (*id.* ¶¶ 30, 37, 46, 57, 62, 65); unlawfully erected electrical power poles and cables on the properties, (*id.* ¶ 31); "haphazardly dug ditches and installed drainage pipes that cause runoff from the wells to land onto [Bruner's properties], (*id.* ¶ 34); "erected earthen berms that physically block [Bruner's] egress and ingress onto and from . . . his . . . [p]roperties, (*id.* ¶ 35); and damaged Bruner's ground waster wells, (*id.* ¶ 49, 64).

According to ARP, it is "the successor in interest to EP Energy by acquisition, assignment and bill of sale of EP Energy's assets and operations in Alabama." (Doc. 20 at 3 n.2.)   Also, "EP Energy is the lone shareholder of what is now called EP Energy Management, LLC, which is the successor in name to El Paso Exploration & Production Management, Inc. and El Paso Production Oil & Gas Co." (*Id.*)

On June 9, 2014, defendant ARP filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 19.)   In its Motion to Dismiss, ARP contends:

> 1.  Plaintiff's claims are barred by res judicata because: (a) there was a prior judgment on the merits; (b) rendered by a court of competent jurisdiction; (c) with substantial identity of the parties; and (d) with the same cause of action presented in both suits.

> 2.  To the extent Count III of the Complaint alleges violations of the Clean Water Act, Count III should be dismissed because Plaintiff cannot state a valid claim for failure to satisfy the Clean Water Act's procedural requirements.

(*Id*. ¶¶ 1-2.)

### III. <u>DISCUSSION</u>

**A.  EVIDENCE SUBMITTED WITH DEFENDANT'S REPLY BRIEF**

ARP filed additional evidence with its Reply in Support of its Motion to Dismiss Plaintiff's Complaint.  (*See* doc. 25-1 to doc. 25-6.)  The moving party may not submit evidence with its reply submission without leave of the court.  The reason for this rule is obvious – the non-moving party must be allowed a "reasonable opportunity" to oppose the moving party's Motion to Dismiss, Fed. R. Civ. P. 12(d), and evidence and arguments raised for the first time after the non-moving party has filed its opposition effectively denies the non-moving party such reasonable opportunity, *see Burns v. Gadsden State Community College*, 908 F.2d 1512, 1516 (11th Cir. 1990).  When faced with additional evidence submitted by the moving party after the time set for the non-moving party to file all his opposition to the motion, the court has two options:  "it [can] strike the [evidence] or grant . . . the nonmoving party the opportunity to respond to it."  *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985); *see also Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998).  In this case, the court chooses to strike the evidence.

Therefore, the documents attached to defendant's reply submission will be stricken and have not been considered in deciding its Motion to Dismiss.

## B.  RES JUDICATA

"The Full Faith and Credit Act, 28 U.S.C. § 1738,[4] originally enacted in 1790, ch. 11, 1 Stat. 122, requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005)(citing, inter alia, *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986))(footnote added).  Therefore, whether the prior Alabama state-court judgment bars the present action is determined with reference to Alabama law.

In Alabama –

Two causes of action are the same for res judicata purposes when the following four elements are satisfied:  "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998).  "If those

---

[4]Section 1738 states, in pertinent part:

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

7

four elements are present, then any claim that was, or that could have been,
adjudicated in the prior action is barred from further litigation." *Id.* (citing
*Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 725-26 (Ala. 1990)).

*Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007). "The
touchstone of whether a particular claim presents the same cause of action that was presented
and litigated to a final judgment in a previous civil action is 'whether the claims in both
actions arise out of, and are subject to proof by, the same evidence.'" *Kaufmann &
Associates, Inc. v. Davis*, 908 So. 2d 246, 252 (Ala. Civ. App. 2004)(quoting *Vinson*, 723 So.
2d at 637). "[W]hether the second action presents the same cause of action depends on
whether the issues in the two actions are the same and on whether substantially the same
evidence would support a recovery in both actions." *Vinson*, 723 So. 2d at 637 citations
omitted).

Bruner's prior action against APR's predecessor in interest asserted a single claim to
quiet title to the mineral rights on certain real properties. According to Alabama law –

> When any person is in peaceable possession of lands, whether actual or
> constructive, claiming to own the same, in his own right . . . , and his title
> thereto, or any part thereof, is denied or disputed or any other person claims or
> is reputed to own the same, any part thereof, or any interest therein . . . and no
> action is pending to enforce or test the validity of such title, claim, or
> encumbrance, such person . . . , so in possession, may commence an action to
> settle the title to such lands and to clear up all doubts or disputes concerning
> the same.

Ala. Code § 6-6-540. When a plaintiff seeking to quiet title establishes peaceable possession,
the burden then shifts to the defendant to demonstrate valid legal title. Upon that
demonstration the burden shifts back to the plaintiff to show superior title by adverse

8

possession or a better deed.  *Ex parte Cottrell*,  Nos. 1111006 and 1111011, 2014 WL 803306, *3 (Ala. Feb. 28, 2014)(citing *Wiggins v. Stapleton Baptist Church*, 210 So. 2d 814, 816-17 (Ala. 1968)).  Therefore, proof in a quiet-title action requires evidence of the parties' conveyances of the subject property or any part of the subject property, such as mineral rights.

In the prior action, Bruner sued ARP's predecessor to settle his right, as against that predecessor, to the mineral rights on the subject properties.  Evidence of ARP's conduct in extracting natural gas pursuant to the mineral rights was not relevant to any proof of its or its predecessor's valid title to those mineral rights and/or Bruner's superior title.  However, evidence of ARP's conduct is material and relevant to Bruner claims in the instant action based on claims of trespass, nuisance, and negligence.   Therefore, Bruner's claims in this action are not the same cause of action as presented in the prior quiet title action.

Because this action and the state-court quiet title action are not the same cause of action, the prior judgment in the state court action does not preclude this case.  Defendant ARP's Motion to Dismiss Bruner's claims based on  res judicata will be denied.

## C.  CAUSE OF ACTION III:  NEGLIGENCE PER SE AND THE CLEAN WATER ACT

ARP asks the court to dismiss Count III of Bruner's Complaint "because Plaintiff cannot state a valid claim for failure to satisfy the Clean Water Act's procedural requirements."  (Doc. 19 ¶ 2.)  In his Complaint, Bruner alleges:

## CAUSE OF ACTION III
### <u>Negligence Per Se</u>

52.   Plaintiff Bruner adopts, re-alleges and incorporates each of the preceding paragraphs as if fully set forth herein. Plaintiff Bruner further alleges:

53.   That the Defendants have violated statutory language meant to deter, limit, or negate damages to Plaintiff Bruner.

54.   That Plaintiff Bruner is a member of those classes of persons for which the statutes violated by the Defendants are enacted to protect.

55.   That as a direct and proximate cause of the state and federal statutes violated by the Defendants, Plaintiff Bruner has been made to suffer injuries and damages.

56.   That specifically, the Defendants violated the aforementioned §6-5-124; [§] 6-5-210; and, §6-5-212 of the Code of Alabama.

57.   That in addition, the Defendants have caused the release of dangerous hydrocarbons onto and around the Subject Properties in violation of the Clean Water Act, codified at 33 U.S.C. §1365.

58.   That, the Defendants have violated the provisions of the Clean Water Act by failing to comply with effluent standards and limitations imposed for the release of hydrocarbons onto the Subject Properties.

59.   That, Plaintiff Bruner, because of the Defendants' violations of the Clean Water Act has been caused and will be caused permanent, and lasting damages.

WHEREFORE, premises considered, Plaintiff Bruner demands compensatory and punitive damages and judgment against the Defendants for violations of the codified state statutes and violations of the Clean Water Act, which give rise to damages sought, to include the penalty of Twenty-Five Thousand Dollars ($25,000) per day for violation of the Clean Water Act.

(Doc. 1 at 13-14.)

ARP contends that Bruner cannot pursue a claim under the Clean Water Act because he has not provided the required written notice before filing suit.  In its Memorandum of Law in Support of Defendant ARP Production Co., L.L.C.'s Motion to Dismiss Plaintiff's Complaint, ARP states:

> Section 1365(b) of the CWA provides that no action may be commenced "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation or order." [33 U.S.C. § 1365(b).]  Compliance with this notice requirement is mandatory and must be pleaded.  *National Environmental Foundation v. ABC Rail Corp.*, 926 F.2d 1096 (11th Cir. 1991).  Courts strictly enforce the notice requirements, and failure to comply with them will result in mandatory dismissal.  *Id*. at 1097-98.

> In *National Environmental Foundation*, the National Environment Foundation ("NEF") sent notice to the appellee ABC Rail Corp. ("ABC"), the Environmental Protection Agency ("EPA"), and the Alabama Department of Environmental Management ("ADEM") advising them that it would file suit against ABC for alleged violations of the CWA.  926 F.2d at 1097.  NEF then filed a complaint in the Northern District of Alabama the next day.  *Id*.  ABC moved to dismiss the complaint on the grounds that NEF had failed to give 60 days' notice as required by 33 U.S.C. § 1365(b).  *Id*.  The district court granted the motion, and NEF appealed.  *Id*.  The Eleventh Circuit affirmed, explaining that the notice requirement in Section 1365(b) was both clear and mandatory, and holding that "[i]f a plaintiff fails to comply with this notice requirement where it is applicable, the district court is required to dismiss the action."  *Id*. at 1098.

> Here, Mr. Bruner has failed to comply with Section 1365(b)'s notice requirement.  Mr. Bruner has not pled that he notified the EPA or ARP as required under 28 U.S.C. §1365(a).  Count III, therefore, to the extent it relies upon the CWA, must be dismissed for Plaintiff's failure to comply with the CWA's notice provisions pursuant to clear Eleventh Circuit precedent.

(Doc. 20 at 12-13 [footnote omitted].)

11

Bruner did not respond to portion of ARP's Motion to Dismiss. (*See generally* doc. 23.) Therefore, the court finds that Bruner has abandoned his Clean Water Act claim and such claim will be dismissed. *Eternal World Television Network, Inc. v. Burwell*, Civil Action No. 13-0521-CG-C, 2014 WL 2738546, *2 (S.D. Ala. June 17, 2014)(citing *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005)). However, to the extent Bruner's Complaint alleges a state-law cause of action based on negligent violations of state and federal water quality standards this claim remains pending. *See generally Cooper v. International Paper Co.*, 912 F. Supp. 2d 1307 (S.D. Ala. 2012).

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion to Dismiss plaintiff's Complaint based on the doctrine of res judicata will be denied and its Motion to Dismiss plaintiff's Clean Water Act claim will be granted. An Order granting in part and denying in part defendant's Motion to Dismiss, (doc. 19), and dismissing plaintiff's Clean Water Act claim will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 11th day of August, 2014.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

12